UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 5:24-CV-00299-KKC

CLARRISA WELLS,                                                          PLAINTIFF

v.                              **OPINION AND ORDER**

POHL, AUBREY & GREY, P.S.C,
HR AFFILIATES, LLC,
and
RONALD POHL                                                          DEFENDANTS

** ** ** ** **

This matter is before the Court on a motion to dismiss (DE 4) filed by defendant HR

Affiliates. For the following reasons, the Court will grant the motion.

As it must on a motion to dismiss, the Court assumes the truth of all the allegations in the

complaint. *Scheid v. Fanny Farms Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting

*Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983)). The Court sets forth the relevant

allegations here.

Plaintiff Clarrisa Wells is an attorney. She began working for the law firm Pohl, Aubrey

& Grey P.S.C. in November 2021. She suffers from kidney stone disease and has a child who has

autism spectrum disorder, which requires that Wells meet with her child's teachers and medical

care providers, attend to her child during distress episodes, and care for her child when care

providers are unable to do so. Wells alleges that the law firm took various actions that

discriminated against her based upon her gender and disability and her child's disability.

Her complaint alleges that the law firm committed several illegal employment actions. She alleges that she was sexually harassed by a coworker but that the law firm took no action in response. She also alleges that the firm required her to take paid time off even for the time she worked; required her to work even when on medical leave; and denied her request for an accommodation so she could work during "episodic health events" and so she could care for her children. She alleges that defendant Ronald Pohl, whom she identifies as a "firm principal," began complaining about her health and family care needs. She alleges that the firm paid three male associates more than her even though they had less experience at the firm. She alleges that at a firm meeting Pohl directed attorneys to take paid time off if they were going to be working from home for more than a few days.

She alleges that, ultimately, by letter dated August 3, 3023, Pohl terminated her employment, stating she had failed to meet her billable hours. Wells asserts that the firm hired a younger man after terminating her and that the man is not disabled and does not have a special needs child.

Wells asserts claims for disability discrimination in violation of the Americans with Disabilities Act (ADA) and the Kentucky Civil Rights Act (KCRA) based on her discharge and the failure to accommodate her disability. She also asserts claims for retaliation in violation of the ADA, the KCRA, and Title VII. The retaliation claims are based on the alleged adverse actions of "increased hostility, increased scrutiny, workplace ridicule and hostilities, bullying, divestiture of paid time off, micromanagement, and ultimately discharge." (DE 1-1 Complaint ¶ 116.) She asserts claims for "gender-plus" and gender discrimination under Title VII and the KCRA and a claim for "associational disability" discrimination under the ADA based on the same allegedly adverse actions that form the basis for her retaliation claims. Finally, she asserts

claims for discriminatory pay practices under the Lilly Ledbetter Fair Pay Act and the Equal Pay Act.

This motion to dismiss is brought not by the law firm but only by defendant HR Affiliates, LLC, which argues that Wells has not sufficiently pled that HR Affiliates was her employer. Wells alleges in the complaint that the law firm and HR Affiliates were "joint employers." But she also describes HR Affiliates as the firm's "human resources affiliate" and a "human resources contractor." (DE 1-1 Complaint ¶¶ 52, 59.) The assertion that HR Affiliates is a "joint employer" is a legal conclusion that the Court need not accept as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Equal Emp. Opportunity Comm'n v. Supreme Staffing, LLC*, No. 2:23-CV-02507-SHL-TMP, at *3, n.3 (W.D. Tenn. July 22, 2024) ("[T]he allegation that the two entities were Alvarez's joint employers is the sort of unadorned legal conclusion that the Court need not accept as true in ruling on a motion to dismiss.") Thus, the Court must look to the factual allegations of the complaint to determine if it can draw a reasonable inference that HR Affiliates and the law firm were "joint employers" of Wells. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Entities are joint employers if they 'share or co-determine those matters governing essential terms and conditions of employment.'" *Parks v. Lyash*, No. 22-5841, 2023 WL 6237062, at *5 (6th Cir. Apr. 12, 2023) (quoting *Nethery v. Quality Care Invs., L.P.*, 814 F. App'x 97, 103 (6th Cir. 2020)). The major factors in this determination are "the entity's ability to hire, fire, or discipline employees, affect their compensation and benefits, and direct and supervise their performance." *Id.*

Wells' complaint focuses on the actions of the law firm and Pohl. In the 20-page complaint, she makes only the following allegations about HR Affiliates:

- The firm delegated to HR Affiliates "the authority and obligation to receive complaints, investigate allegations, and correct violations, among other things." (DE 1-1 Complaint ¶ 53.)

- On June 27, 2023 Wells spoke to HR Affiliates employee Amy Olds about the law firm's actions. Olds instructed Wells to have a conversation with Kelley Gray, a partner at the firm. Wells alleges that Olds told her both that, 1) if Gray did not address Wells' concerns, then HR Affiliates "would intervene on her behalf"; and that 2) HR Affiliates did not intend to do anything more about the allegations and "refused to take action." (DE 1-1 Complaint ¶¶ 55, 57, 58, 69.)

The Court cannot infer from these statements that HR Affiliates was Well's employer. She makes no allegations from which it can be inferred that HR Affiliates had the ability to hire, fire or discipline her, affect her compensation or benefits, direct or supervise her performance or otherwise determine the essential terms and conditions of her employment.

Wells does allege that HR Affiliates "discharged" her. (DE 1-1 Complaint ¶ 108.) However, this is a conclusory allegation with no supporting facts. She does not say who at HR Affiliates made the decision to fire her, who at HR Affiliates told her she was fired, or how anyone at HR Affiliates fired her. In contrast, she describes precisely how and when the firm fired her: Pohl terminated her by letter dated August 3, 2023, which stated, "You failed to meet billing hour expectations as outlined in the employee handbook." (DE 1-1 Complaint ¶ 86.) On a motion to dismiss, the Court does not accept as true "conclusory allegations without specific facts." *Tchankpa v. Ascena Retail Grp., Inc.*, 951 F.3d 805, 817 (6th Cir. 2020). Thus, on this motion to dismiss, the Court does not accept as true that HR Affiliates discharged Wells.

In her response, Wells argues that HR Affiliates is liable for the law firm's allegedly illegal acts because it is the law firm's "agent." (DE 8 Response 5.) Under an agency theory of liability, a principal may be liable for illegal employment actions undertaken by its agent. *See Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993 (6th Cir. 1997) (stating that, under the ADEA and ADA, if "the person or entity that took the allegedly illegal employment

4

action was acting as the agent of another company," then that company may be liable for its agent's illegal actions as the plaintiffs' employer.) To assert a claim against HR Affiliates under this theory, Wells must plead that HR Affiliates' agent committed an illegal employment act. Wells alleges that the law firm committed illegal employment actions, but she does not allege any facts from which it can be inferred that the law firm was HR Affiliates' agent. Nor does she even argue that it was. She argues instead that HR Affiliates was the law firm's agent, which would be a way of holding the law firm liable for HR Affiliates' actions. It is not a theory under which HR Affiliates can be held liable for the law firm's actions.

Wells next argues that she needs an opportunity to gather facts during discovery that would establish that HR Affiliates and the law firm are joint employers. Because Wells' complaint is deficient under Federal Rule of Civil Procedure 8, she is not entitled to discovery. *Iqbal*, 556 U.S. at 686.  A plaintiff cannot proceed past the pleading stage and take discovery in order to cure a defect in a complaint. *Patterson v. Novartis Pharms. Corp.*, 451 F. App'x 495, 498 (6th Cir. 2011); *see also New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (explaining that, after *Iqbal*, plaintiffs cannot use the discovery process to obtain facts necessary to state a claim).

Finally, Wells points out that HR Affiliates can be liable for retaliation under the KCRA even if it was not her employer. *See Lewis v. Quaker Chem. Corp.*, 229 F.3d 1152 (6th Cir. 2000) ("Because Kentucky prohibits retaliation by a 'person,' we find that liability for unlawful retaliation under § 344.280 of the KCRA does not depend on the person's status as an 'employer' under § 344.030(2).") As discussed, however, Wells does not adequately allege any acts of retaliation by HR Affiliates.

5

For all these reasons, the Court hereby ORDERS that the motion to dismiss for failure to state a claim upon which relief can be granted (DE 4) filed by defendant HR Affiliates is GRANTED. The Court further hereby ORDERS that all claims against HR Affiliates are DISMISSED.

This 21st day of July, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY